

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2007

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smith" (2007). *2007 Decisions*. Paper 1496.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1496

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4108

UNITED STATES OF AMERICA

v.

RAFI SMITH,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 04-cr-00141-2
(Honorable Harvey Bartle III)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2007

Before: SCIRICA, *Chief Judge*, McKEE and NOONAN[*], *Circuit Judges*.

(Filed March 13, 2007)

OPINION OF THE COURT

---

[*]The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

SCIRICA, *Chief Judge*.

Defendant Rafi Smith challenges the District Court's denial of his motion to suppress physical evidence and statements obtained during the execution of a warrant. We will affirm the judgment of conviction.

## I.

On October 30, 2003,[1] Philadelphia police officers observed an unknown black male (later identified as Desi Glenn) sitting on the front steps of 2920 N. Bonsall Street from 1:20 pm to 1:25 pm. At 1:25 pm, two unknown black males approached Glenn and exchanged cash for small items. Moments later, Glenn entered 2920 N. Bonsall Street and remained there for approximately twenty minutes. At 1:48 pm, Glenn exited 2920 N. Bonsall Street and got into the passenger seat of a pick-up truck, which promptly drove off. Around 2:31 pm, Glenn returned in the pick-up truck and re-entered 2920 N. Bonsall Street. At 2:35 pm, police officers observed a criminal informant meet with Glenn and walk across the street with Glenn to 2919 N. Bonsall Street, where the criminal informant purchased from Glenn seven zip-locked packets of crack.

After making these observations Philadelphia Police Officer Jeffrey Francis applied for a search warrant based on his own affidavit. The affidavit included information about the confidential informant and Officer Francis. The confidential

---

[1]Because this case turns on the search warrant, the facts are largely taken from the affidavit filed in support of the warrant.

informant had participated in two prior investigations that led to six arrests. Officer Francis had been a Philadelphia police officer for thirteen years and had spent ten of those years in the Narcotics Field Unit.

On October 31, 2003, Officer Francis received and executed a search warrant for 2920 N. Bonsall Street. During the execution of the warrant, police arrested Smith and confiscated contraband (cocaine and marijuana) from Smith and from the residence. Smith then filed a "Motion to Suppress Physical Evidence and Statements" contending the search warrant did not comply with the Fourth Amendment because the facts contained in the affidavit were too vague to establish probable cause. In addition, Smith contended the good faith exception to the Fourth Amendment exclusionary rule did not apply. *See United States v. Leon*, 468 U.S. 897 (1984). The District Court denied Smith's motion finding the warrant contained probable cause and even if the warrant did not contain probable cause, the good faith exception applied.

Smith pled guilty to possession of more than five grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), possession of more than five grams of cocaine base with intent to distribute within 1,000 feet of a school in violation of 21 U.S.C. § 860(a), and possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g). Smith's guilty plea specifically reserved the right to appeal the District Court's denial of his motion to suppress evidence. The District Court

3

sentenced Smith to 110 months' imprisonment, eight years of supervised release, and a $200 special assessment. Smith timely appealed.

II.

We have jurisdiction under 28 U.S.C. 1291. "We review a District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review over the District Court's application of the law to those facts." *United States v. Lockett*, 406 F.3d 207, 211 (3rd Cir. 2005).

When reviewing a Magistrate Judge's decision to issue a warrant, we only need to determine whether a Magistrate Judge had "a substantial basis for finding probable cause." *United States v. Hodge*, 246 F.3d 301, 305 (3rd Cir. 2001). A finding of probable cause requires a Magistrate Judge to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . [that] there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause can be "inferred by considering the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide the fruits of his crime." *Hodge*, 246 F.3d at 305 (internal quotations omitted).

Here, the Magistrate Judge had a substantial basis for finding probable cause because the affiant represented evidence of Glenn's crimes were stored inside 2920 N. Bonsall Street. Glenn's series of movements entering and exiting 2920 N. Bonsall Street

4

immediately preceding and following the observed drug transaction demonstrates Glenn was hiding drugs at that address. In addition, the Magistrate Judge was entitled to give substantial weight to Officer Francis's conclusion that evidence of a crime would be found within 2920 N. Bonsall Street. *See United States v. Whitner*, 219 F.3d 289, 296 (3rd Cir. 2000) (finding the conclusion of an experienced law enforcement officer as to the location of evidence is entitled to considerable weight). Accordingly, the Magistrate Judge had a substantial basis for finding probable cause to issue the search warrant.

III.

Even if the Magistrate Judge did not have a substantial basis for finding probable cause, the evidence obtained from the search would be admissible under the good faith exception to the exclusionary rule. *See Leon*, 468 U.S. at 922. The exception "instructs that suppression of evidence is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority." *Hodge*, 246 F.3d at 307 (citations omitted). The existence of a warrant typically justifies use of the exception, but an officer may not reasonably rely on a warrant:

> (1) when the magistrate judge issued the warrant in reliance on a deliberately or recklessly false affidavit; (2) when the magistrate judge abandoned his judicial role and failed to perform his neutral and detached function; (3) when the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) when the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*Id.* at 308 (citations omitted). Smith claims the third exception applies here. A warrant will fall within this exception if it contains a bare bones affidavit. *See United States v. Loy*, 191 F.3d 360, 368 (3rd Cir. 1999); *Hodge,* 246 F.3d at 309. In *United States v. Williams*, 3 F.3d 69, 74 (3rd Cir. 1993), we found that this exception did not apply where the affidavit presented several facts indicating illegal activity.

Here, as already discussed, the affidavit was not a bare bones document. Instead, the affidavit made specific references to Officer Francis's observations of Glenn's drug transactions and the time frame of the observations. Like *Williams*, the Magistrate Judge was called on to assess facts demonstrating illegal activity and to exercise his sound judgment in finding probable cause. Thus, the officers executing the search warrant acted reasonably in relying on the warrant's authority.

IV.

For the foregoing reasons, we will affirm the judgment of conviction.